Mumford Phillips and Al

     vs

Henry R.Pedarre

    No.8345

      Charles F.Claiborne,Judge.

    The fallacy of the argument that would make the " full faith and credit"or"res judicata " theory applicable to this case consists in assuming that the Globe Indemnity Company was a party to the suit in the United States Court ot that anything was decided in that Court as between that Company and Pedarre.

    The G.I.Company was not the"transferee" of Lambert's *as surety,* judgment or of his claims against Pedarre.The Company was the "subrogee " by virtue of the payment made by it of Lambert's judgment against Pedarre.As " transferee " it would have *ac*quired all the rights of Lambert against Pedarre,or such rights as Lambert had chosen to transfer to it,and Pedarre would have had, as against the " transferse " the Globe Ins.Co,no other defences, but such as it had against Lambert,and if it had been"transferee" of the whole judgment or claim,they would have been entitled to a judgment for the whole amount of the judgment ot claim. But as"subrogee", whether by operation of law,by virtue of their payment to Lambert Bros,or by convention,the Globe Ins.Co. acquir- ed only such rights as the law permitted them to acquire.

    It could not acquire greater rights than the law accor- ded to them.All the law accorded to them was the recourse against their co-surety for his share of the bonds,as I have *elaborated* in my opinion herein.The act signed by Lambert in favor of the Globe Ins.Co.merely"confirms the right of subrogation of the Globe Ins Co." and " the Globe Indemnity Co. is hereby expressly subrogated ".Neither the words"transfer" nor "assign" appear in the act.It studiously avoids any inference or intention to "transfer" or " assign ",by specifically stating and repeating

the deliberate intention to subrogate only,and nowhere uses the words transfer or assign.Their might have arisen a different responsibility or warranty on the part of Lambert if he had "transferred " or"assigned" his rights.

To avoid that responsibility he made it clear,in so many words,that he intended only to " confirm the right of subrogation. A lawyer evidently drew up the act.It is therefore misleading error to allege or argue that Lambert transferred or assigned his judgment or his rights to the Globe In.Co,or that this Company was a "transferee or"assignee".

The doctrine of full faith and credit wound apply as between Lambert Bros and Pedarre,because they were parties to the suit and the issues between them were therein decided.But the Globe In.Co. was no party to that suit,and no issues were raised or decided in any capacity as between it and Pedarre,and *there was* no judgment rendered in favor of the Companyto be protected by the doctrine of full faith and credit or res judicata.

**For these reasons our former opinion and decree are re-instated and made the judgment of this court.**